UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

CLARENCE SAMUELS                         CIVIL ACTION NO. 11-cv-0201

VERSUS                                   JUDGE FOOTE

JAMES ARNOLD, ET AL                      MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

Clarence Samuels ("Plaintiff") is a self-represented prisoner who filed this action against two prison officials at the David Wade Correctional Center ("DWCC"), where Plaintiff was previously incarcerated. Plaintiff alleged in his complaint that, despite a prison policy against smoking in his dormitory, he was subjected to excessive levels of environmental tobacco smoke ("ETS") every night. Plaintiff alleged that his complaints to defendant James Arnold and multiple grievances that were handled by defendant Angie Huff brought no relief. Plaintiff requested compensatory and punitive damages. An Amended Complaint (Doc. 19) asked for injunctive relief prohibiting all smoking at DWCC, but Plaintiff's subsequent transfer to another facility has rendered that request moot. Herman v. Holiday, 238 F.3d 660, 665 (5th Cir. 2001) (claims for injunctive and declaratory relief based on exposure to asbestos were mooted by transfer to another prison).

Before the court is Plaintiff's Motion for Partial Summary Judgment (Doc. 46) in which he asks that the court grant him judgment "on the issue of whether he was exposed to environmental tobacco smoke while housed at David Wade Correctional Center." For the reasons that follow, it is recommended that the motion be denied.

The Supreme Court has applied a two-prong test to determine whether exposure to second-hand smoke violates a prisoner's Eighth Amendment right. First, the prisoner must show that he is being exposed to unreasonably high levels of ETS. Helling v. McKinney, 113 S.Ct. 2475, 2482 (1993). In assessing that factor, the court must conduct an inquiry into the seriousness of the potential harm and the likelihood that the smoke will actually cause such harm. Id. The court also has to determine whether society considers the risk to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk. Id. Second, the prisoner must show that prison authorities demonstrated a deliberate indifference to his plight. Id.

Plaintiff, in support of his request for a ruling that he was exposed to ETS, cites documentation filed earlier at Doc. 15. The documents include unsworn declarations made by Plaintiff and several other inmates pursuant to 28 U.S.C. § 1746. The inmates state that they saw inmates smoking in the dorm several times a day, nightly, or otherwise on a regular basis. Most of them also state that nothing was done when they complained. These statements are competent summary judgment evidence. Hart v. Hairston, 343 F.3d 762 n. 1 (5th Cir. 2003).

Defendants' response appears to be geared to the overall merits rather than the narrow fact presented by the Motion for Partial Summary Judgment. Arnold and Huff offer their affidavits regarding the departmental and DWCC smoking policies in place during the relevant time. They each testify that the policies have been enforced and that at no time after a March 2009 revision to the Department's smoking policy were offenders housed in

Plaintiff's unit allowed to smoke in the unit. Plaintiff's multiple grievances on the issue were met with similar responses, but Plaintiff contends that one of the responses proves his point that he was exposed to ETS because it mentions "recent disciplinary reports against offenders found in violation of smoking indoors, some of which occurred in your dormitory." There is, however, no undisputed evidence that Plaintiff was actually present at that time.

Rule 56 allows a party to move for summary judgment, identifying each claim or defense - "or the part of each claim or defense" - on which summary judgment is sought. Summary judgment is then appropriate only if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Even if partial summary judgment might be proper as to an issue, the trial court retains discretion to deny it when partial summary judgment would not simplify the trial or save time and expense. <u>Dore Energy Corp. v. Prospective Inv. & Trading Co., Ltd.</u>, 2010 WL 4608802, *5 (W.D. La. 2010).

Partial summary judgment is often sought on matters such as liability or with respect to a particular claim or defense. It is not typically used to seek a judgment that a particular fact occurred, especially when that fact does not even establish an entire element of the underlying claim. Plaintiff has not demonstrated that there is no genuine dispute as to whether he was exposed to ETS at DWCC, but even if he could do so the best exercise of the court's discretion would be to deny partial summary judgment with respect to such a preliminary fact. Piecemeal, fact-by-fact motion practice is not efficient and should not be encouraged. If the court is to invest its limited resources into resolving a motion, the motion

should be capable of resolving significant claim or defense that will make the trial proceed more efficiently. This is not such a motion.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's Motion for Partial Summary Judgment (Doc. 46) be **denied**.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 19th day of November, 2012.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE