UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

CLARENCE SAMUELS                    CIVIL ACTION NO. 11-cv-0201

VERSUS                              JUDGE FOOTE

JAMES ARNOLD, ET AL                 MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

**Introduction**

Clarence Samuels ("Plaintiff") is a self-represented prisoner who filed this action against two prison officials at the David Wade Correctional Center ("DWCC"). Plaintiff alleged in his complaint that, despite a prison policy against smoking in his dormitory, he was subjected to excessive levels of environmental tobacco smoke ("ETS") every night. He also alleges daily exposure to ETS in outdoor recreational and work areas. Plaintiff alleged that his complaints to defendant James Arnold and multiple grievances that were handled by defendant Angie Huff brought no relief.[1]

---

[1] A similar ETS exposure claim is being litigated in this division in Harold Joe Black v. LeBlanc, 11 CV 1714. Perkins v. Terrell, 08 CV 1906 in the Lake Charles Division is set for trial in November 2013. An ETS case in the Alexandria Division ended with a settlement. Hicks v. CCA, 08 CV 0687. A prisoner-plaintiff in a Mississippi ETS case prevailed, but his recovery was limited to injunctive relief and one dollar in nominal damages. Sivori v. Epps, 2009 WL 799463 (S.D. Miss. 2009). To comply with the injunction, prison officials moved the plaintiff to a maximum security unit that was non-smoking. Plaintiff then complained about that, unsuccessfully. Sivori v. Epps, 2009 WL 1421067 (S.D. Miss. 2009).

Plaintiff requested compensatory and punitive damages. An Amended Complaint (Doc. 19) asked for injunctive relief prohibiting all smoking at DWCC. The court previously stated that Plaintiff's transfer to another facility had rendered moot the request for injunctive relief. See Herman v. Holiday, 238 F.3d 660, 665 (5th Cir. 2001). Corrections officials have, however, returned Plaintiff to DWCC and given new life to the request.

Before the court is Plaintiff's Motion for Judgment Independent of the Motion (Doc. 71). He asks the court to decide whether a Louisiana statute requires prison officials to forbid smoking in the entire prison facility or allows them to permit smoking in designated areas. For the reasons that follow, it is recommended that the motion be denied.

**Elements of Plaintiff's Claim**

The Supreme Court has applied a two-prong test to determine whether exposure to second-hand smoke violates a prisoner's Eighth Amendment right. First, the prisoner must show that he is being exposed to unreasonably high levels of ETS. Helling v. McKinney, 113 S.Ct. 2475, 2482 (1993). In assessing that factor, the court must conduct an inquiry into the seriousness of the potential harm and the likelihood that the smoke will actually cause such harm. Id. The court also has to determine whether society considers the risk to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk. Id. Second, the prisoner must show that prison authorities demonstrated a deliberate indifference to his plight. Id.

**Analysis**

The Louisiana Smoke Free Air Act provides in La. R.S. 40:1300.256(A) that, except as permitted by subsection (B), no person shall (1) smoke in any public building, (2) smoke in any school, or (3) smoke in any public place and in any enclosed area within a place of employment. The statute also provides that an employer shall not knowingly permit smoking in any enclosed area within a place of employment. Subsection (B) provides that nothing in the Act prohibits smoking in any of several listed places. Item numbers 6 and 14 on the list state:

> (6) The outdoor area of places of employment; except that the owner or manager of such business may post signs prohibiting smoking in any such outdoor area, which shall have the effect of making that outdoor area an area in which smoking is prohibited under the provisions of this Part....
>
> (14) Any state, local, or private correctional facility prior to August 15, 2009. After August 15, 2009, smoking shall be prohibited in any state, local, or private correctional facility.

Summary judgment practice earlier in the case included evidence that the Department of Corrections ("DOC") enacted a written smoking policy months before the August 15, 2009 prohibition became effective. The policy states that, beginning August 15, 2009, smoking is prohibited inside areas of public buildings and places of employment operated by the DOC, but "each Unit Head is authorized to designate smoking areas outside of these public buildings and places of employment." The policy for DWCC prohibits smoking in the food preparation area and dining hall, but provides that inmate kitchen workers will have a designated smoking area in the inmate lounge. Smoking is prohibited in chapels, library,

gym, medical building, and educational buildings, and smoking or even possession of smoking materials is prohibited by inmates in working cell blocks, segregation, or lockdown areas. Dormitories are designated by name as non-smoking units or dorms. Inmates assigned to those housing units may possess smoking materials but may not smoke in the housing unit or on the tier. Plaintiff alleges that these rules are not enforced, and inmates often smoke in prohibited areas. Defendants dispute that claim.

Plaintiff states that it has been a "bone of contention between the parties" since the filing of this suit whether the statute prohibits smoking in correctional facilities categorically or allows exceptions as in the DOC and DWCC policies. Plaintiff argues that the specific provision in subpart (B)(14) requires that smoking be prohibited throughout the entire prison facility and does not allow for a policy that permits indoor or outdoor smoking areas.

Plaintiff and Defendants may disagree about the interpretation of the statute, but this court need not render an interpretation of the state law to decide the constitutional law claim that is before the court. "[A] violation of a state statute alone is not cognizable under § 1983 because § 1983 is only a remedy for violations of federal statutory and constitutional rights." Woodard v. Andrus, 419 F.3d 348, 353 (5th Cir. 2005). Thus, claims by a prisoner that prison officials violated state law or a prison policy, even if true, do not state a claim for relief under Section 1983. Ballard v. Pierce, 401 Fed. Appx. 993, 994 (5th Cir. 2010). Plaintiff, to prevail on his Eighth Amendment claim, will have to establish the elements set forth in Helling and not whether prison authorities violated a state statute. There is, therefore, no reason for the court to render an interpretation of the statute at this time. If the

interpretation of the statute is Plaintiff's ultimate desire, then he may be better served by filing an action in a Louisiana state court for declaratory or similar relief.[2]

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's Motion for Judgment Independent of the Motion (Doc. 71) be denied.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that

---

[2] A prisoner invoked the statute and sought in state court a mandamus to prohibit smoking in state prisons, including all buildings and grounds. A state appellate court affirmed the denial of the claim, stating that "the statute gives the officials at a 'state, local, or private correctional facility' some discretion in its enforcement of the Act insofar as the prohibition of smoking in '[t]he outdoor area' of the prison particularly as a place of employment as stated in subsection B(6)." Jacobs v. Leblanc, 2011 WL 6752548 (La. App. 1st Cir. 2011) (unreported).

party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 24th day of April, 2013.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE