UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| CLARENCE SAMUELS | CIVIL ACTION NO. 11-cv-0201 |
| VERSUS | JUDGE FOOTE |
| JAMES ARNOLD, ET AL | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

**Introduction**

Clarence Samuels ("Plaintiff") is a self-represented prisoner who filed this action against two prison officials at the David Wade Correctional Center ("DWCC"). Plaintiff alleged in his complaint that, despite a prison policy against smoking in his dormitory, he was subjected to excessive levels of environmental tobacco smoke ("ETS") every night. He also alleges daily exposure to ETS in outdoor recreational and work areas. Plaintiff alleged that his complaints to defendant James Arnold and multiple grievances that were handled by defendant Angie Huff brought no relief.

Before the court is Plaintiff's Motion for Preliminary Injunction (Doc. 87). He asks the court to enjoin DWCC officials from selling cigarettes and other smoking materials to inmates. For the reasons that follow, it is recommended that the motion be denied.

**Preliminary Injunction Requirements**

To obtain the relief he seeks, Plaintiff would have to show (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury absent an injunction, (3)

that the threatened injury would exceed any harm that would flow from the injunction, and (4) that the injunction would not undermine the public interest. Walgreen Co. v. Hood, 275 F.3d 475, 477 (5th Cir. 2001).

**Elements of Plaintiff's Claim**

The Supreme Court has applied a two-prong test to determine whether exposure to second-hand smoke violates a prisoner's Eighth Amendment right. First, the prisoner must show that he is being exposed to unreasonably high levels of ETS. Helling v. McKinney, 113 S.Ct. 2475, 2482 (1993). In assessing that factor, the court must conduct an inquiry into the seriousness of the potential harm and the likelihood that the smoke will actually cause such harm. Id. The court also has to determine whether society considers the risk to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk. Id. Second, the prisoner must show that prison authorities demonstrated a deliberate indifference to his plight. Id.

**Analysis**

DOC policy allows provides that a "Unit Head is authorized to designate smoking areas outside of these public buildings and places of employment." The policy for DWCC allegedly allows smoking outdoors. Plaintiff complains that he is exposed to ETS while at work outdoors and even indoors because "inmates smoke pretty much anywhere they please, and the correctional officers who witness it generally pretend otherwise." Defendants submitted affidavits in earlier summary judgment practice in which they deny such tolerance.

Plaintiff has not shown a substantial likelihood of success on the merits. Many of the

key facts he alleges are highly contested, and a finding of deliberate indifference must be supported by particular facts rather than the conclusions in Plaintiff's motion. The motion goes to the heart of the merits, which will require a jury trial to resolve. The court recently ordered the filing of Pretrial Statements in preparation for that trial, which should be set in the near future. The court will reach that step more quickly if it is not distracted by repetitive motions by Plaintiff that essentially seek a judgment in his favor without the need for trial. This is the third, and hopefully last, such motion filed in this case.[1]

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's Motion for Preliminary Injunction (Doc. 87) be denied.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

---

[1] Plaintiff is barred from filing in forma pauperis because three or more of his multiple civil actions have been dismissed as frivolous. He avoided the bar in this case by paying the $350 filing fee.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 26th day of April, 2013.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE