UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| CLARENCE SAMUELS | CIVIL ACTION NO. 11-201 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| JAMES ARNOLD, ET AL | MAGISTRATE JUDGE HORNSBY |

ORDER

    In the above-captioned case, Joe Nathan Tubbs ("Tubbs"), has filed a motion to quash a subpoena[1] summoning him to the trial of this matter. [Record Document 131]. Relying on Federal Rule of Civil Procedure 45, Tubbs asserts that forcing him to testify would require him to disclose privileged information, and therefore, the subpoena should be quashed. Tubbs claims that he is "employed as counsel substitute" at David Wade Correctional Center and that he is bound by the rules of confidentiality. Tubbs argues that he should not be compelled to testify and breach the confidentiality of other inmates "where any information given that implicates a named individual could subject that individual to sanctions both administratively and criminally for a smoking policy violation . . . ." Further, Tubbs insists that he did not reside in the same living quarters as the Plaintiff, and therefore has no firsthand knowledge of what occurred there.

---

[1] The Court notes that Tubbs, a prisoner at David Wade Correctional Center, was not served with a subpoena. Rather, a writ of habeas corpus ad testificandum was issued by this Court, commanding that David Wade Correctional Center bring Tubbs to court on August 11, 2014, the first day of trial.

Tubbs' motion is denied for the following reasons.  First, Tubbs' assertion that he was not domiciled in the same living quarters as the Plaintiff is in direct conflict with the Plaintiff's characterization of Tubbs' anticipated testimony.  Indeed, the Plaintiff has indicated that Tubbs will "attest to the prevalence of secondhand smoke in the housing unit that he shared with the plaintiff."  Record Document 119.  The Court will not be able to evaluate the relevancy of Tubbs' testimony until trial.

Second, based on the Plaintiff's characterization of Tubb's anticipated testimony, there is no indication that Tubbs will be asked to disclose any confidential information.  Indeed, the questions propounded by the Plaintiff at trial may not call for the revelation of confidential communications.   Therefore, Tubbs' concerns are premature.

Finally, the Court is being asked to determine whether the communications Tubbs had with other inmates are, indeed, confidential.  This is an issue of first impression.  Although an opinion need not be rendered on this issue at this time, the Court notes that pursuant to Louisiana Code of Evidence Article 506, a lawyer may not reveal a "confidential communication . . . made for the purpose of facilitating the rendition of professional legal services to the client . . . ."  La. Code Evid. art. 506(B).  A lawyer is defined as "a person authorized, or reasonably believed by the client to be authorized, to practice law in any state or nation."  Id. at 506(A)(3). Regardless of the valuable services provided to inmates by inmate counsel, the Supreme Court of Louisiana, as well as the Louisiana Courts of Appeal, have expressed reluctance to deem communications with inmate counsel as

privileged material.  See State v. Spell,[2] 399 So. 2d 551 (1981)("Defendant knew that Jenkins was a fellow inmate in prison and was not an attorney.  He voluntarily gave the information to Jenkins.  The communication is not subject to attorney-client privilege."); State v. Hicks, 2008-0511 (La. App. 1 Cir. 6/26/08); 992 So. 2d 565, 567 ("While inmate counsel substitutes may provide a valuable service to the inmates and to the administration of the prisons at which they operate, their role in the legal system is in no way comparable to the role performed by counsel.  Accordingly, an inmate counsel substitute is not accorded the same rights and privileges as attorneys licensed to practice."); State v. Myers, 2002-1296 (La. App. 3 Cir. 3/5/03); 839 So. 2d 1183, 1191 (explaining that petitioner failed to establish that inmate counsel "fell within the statutory definition of a 'lawyer' . . . and therefore we are not inclined to extend the privilege to persons falling outside that definition.").  The Louisiana Department of Safety and Corrections itself has noted the substantive distinction between inmate counsel and an attorney:  "Counsel substitutes are persons *not admitted to the practice of law*, but offenders who aid and assist, without cost or fee, an accused offender in the preparation and presentation of his defense and/or appeal.  Counsel Substitutes . . . *may have diminished rights in the judicial system*."  Louisiana Department of Public Safety and Corrections:  Disciplinary Rules and Procedures for Adult Offenders; August 2008.  At this juncture, Tubbs has failed to establish that his communications with other inmates are privileged.

---

[2] The Court notes that Spell cited the privileged communications definition found in Louisiana Revised Statute 15:475, which has since been repealed.

For all of these reasons, Tubbs' motion to quash [Record Document 131] is unwarranted and is DENIED.

THUS DONE AND SIGNED in Shreveport, Louisiana this 3rd day of July, 2014.

_____
JUDGE ELIZABETH E. FOOTE
UNITED STATES DISTRICT JUDGE